IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 3:19-CV-23 (CAR) |
| $42,600.00 IN UNITED STATES | : | |
| FUNDS, | : | |
| | : | |
| First-Named Defendant Property: | : | |
| | : | |
| ONE (1) 2013 BMWi, | : | |
| VIN: WBA3A5C50DF356544, | : | |
| | : | |
| Second-Named Defendant | : | |
| Property. | : | |
| _____ | : | |

## ORDER ON MOTION FOR DEFAULT JUDGMENT OF FORFEITURE AND FINAL ORDER OF FORFEITURE

Before the Court is the United States' Motion for Default Judgment of Forfeiture and Final Order of Forfeiture of $42,600.00 in United States Funds and One (1) BMW 328I, VIN: WBA3A5A50DF356544 ("Defendant Property") [Doc. 7]. No response has been filed, and the time to do so has expired. Upon consideration of the Government's verified complaint, its pending motion, the relevant legal authorities, and the entire record in the case, the Government's Motion for Default Judgment and Final Order of Forfeiture [Doc. 7] is **GRANTED**.

1

On February 26, 2019, a Verified Complaint for Forfeiture was filed on behalf of the United States against Defendant Property to enforce the provisions of Title 21, United States Code, Section 881(a)(6) for the forfeiture of property which constitutes proceeds traceable to the exchange of controlled substances.[1] Process was served on potential claimants Jamahl Devon Cash, who had filed a claim in the administrative forfeiture action, through his counsel of record, Karen L. Pass, Esq.[2] The Complaint and Warrant of Arrest in Rem were also sent to potential claimants Antonio Consten Gaines and Hope Gaines, but the packages were sent back with a letter from Hope Gaines stating that she and her husband did not have any money or property seized and that the property or money did not belong to them.[3]

Pursuant to the warrant of arrest *in rem* issued by this Court, Defendant Property was arrested and seized on February 28, 2019, by the United States Marshal Service. Notice of this forfeiture was published online in accordance with Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.[4] No claims or answers have been filed with regard to the Defendant Property, and on May 10, 2019, the Clerk entered default as to the Defendant Property. The Government now seeks a default judgment of forfeiture and a final order of forfeiture to all potential claimants.

---

[1] 21 U.S.C. § 881(a)(6).
[2] Aff. of Pub. [Doc. 6-1],
[3] *Id.*
[4] *Id.*.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment.[5]  In view of the uncontested allegations and submitted affidavit as to the amount to be declared forfeited to the Government, the Court finds the factual allegations of the verified complaint for forfeiture *in rem* provide a sufficient legal basis for entry of a default judgment.  Accordingly, the Court finds that Defendant Property, $42,600.00 in United States currency, is money, negotiable in instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act; and the 2013 BMW 328i, VIN: WBA3A5C50DF356544 was used or intended to be used to transport or facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance in violation of the Controlled Substances Act.  The Government's Motion for Default Judgment of Forfeiture [Doc. 7] is **GRANTED**.

The Government also seeks a final order of forfeiture as to Defendant Property pursuant to 21 U.S.C. § 881(a).  The Court finds that Defendant Property is subject to forfeiture because the verified complaint for forfeiture in rem states a factual and legal basis for forfeiture under 21 U.S.C. § 881(a).  Further, no defense to the forfeiture has been interposed, and no opposition has been made to the motion for entry of a default judgment.  Thus, the Motion for Final Order of Forfeiture [Doc. 7] is **GRANTED**.  All

---

[5] *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.3d 1200, 1206 (5th Cir. 1975).

right, title, and interest in the Defendant Property is hereby forfeited and vested in the United States, which shall have clear title to this property, may warrant good title to any subsequent transferee, and shall dispose of the property in accordance with the law.

**SO ORDERED,** this 18th day of July, 2019.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT